Nos. 25-2185, 25-2761 & 25-2762

# United States Court of Appeals for the Seventh Circuit

REGINALD CLAY,
       *Plaintiff-Appellee*

v.

UNION PACIFIC RAILROAD COMPANY
       *Defendant-Appellant.*

-and-

BRANDON WILLIS, *individually and on behalf of others similarly situated,*

v.

*Universal Intermodal Services, Inc., et al.*,
       Defendants-Appellants.

-and-

JOHN GREGG,
       *Plaintiff-Appellee*

v.

CENTRAL TRANSPORT, LLC,
       *Defendant-Appellant.*

On Appeal from the United States District Court for the Northern District of Illinois
Nos. 1:24-cv-4194 (Hon. Georgia N. Alexakis), 1:21-cv-1716 (Hon. Elaine E. Bucklo),
1:24-cv-01925 (Hon. Elaine E. Bucklo)

**PLAINTIFF-APPELLEE JOHN GREGG AMENDED JURISDICTIONAL STATEMENT**

David M. Bizar
DJC Law, PLLC
1012 W Anderson Ln
Austin, TX 78757
(512) 220-1800
dbizar@teamjustice.com
*Counsel for Plaintiff John Gregg*

ORAL ARGUMENT REQUESTED

## JURISDICTIONAL STATEMENT

The jurisdictional summary in the Appellant's Brief is not complete and correct. Diversity subject-matter jurisdiction exists under 28 U.S.C. § 1332(a)(1) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

Gregg's Complaint ("Complaint") was filed on March 7, 2024. CT A9 (Dk. 1). Gregg filed a First Amended Complaint ("Amended Complaint") on May 10, 2024. CT A22 (Dkt. 16). The Amended Complaint alleges that Plaintiff-Appellee John Gregg ("Gregg") is a natural person who is domiciled in and is a citizen of Illinois, and that Defendant-Appellant Central Transport LLC ("Central Transport") is a limited liability company organized under the State of Michigan that is a citizen of Michigan. CT A22 ¶¶2-9. Central Transport is a citizen of Michigan because its sole member, Kevin Kalczynski, is a citizen of Michigan. CT A23 ¶¶8-9. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Central Transport admits it is a citizen of Michigan. CT Brf. at 1.

Gregg's Amended Complaint alleges that Central Transport violated Section 15(b) of BIPA, 740 ILCS 14/15(b), by collecting or capturing his biometric identifier or biometric information, and violated Section 15(d) of BIPA, 740 ILCS 14/15(d), by disclosing, redisclosing, or otherwise disseminating his biometric identifier or biometric information, without first obtaining his written informed consent in accordance with the Act's requirements. It asserts that from October 1, 2023 until October 31, 2023, while working for Central Transport, Gregg was required to scan his fingerprint or hand geometry no less than four times each

day (each time he began and ended his working day, as well as each time he clocked in and out for breaks). CT A24 ¶¶16-17. It seeks statutory liquidated damages of $1,000 for each negligent violation and $5,000 for each reckless or intentional violation and alleges that there were not less than 75 BIPA violations. CT A23, n.1. Central Transport does not present any contrary proofs and concedes "[t]he amount in controversy would exceed $75,000 when the lawsuit was filed if [Gregg's] theory of damages were correct" because the Amended Complaint (and the Complaint) alleged more than enough BIPA scan violations to exceed the amount-in-controversy requirement. CT Brf. at 2-3.

Illinois Public Act 103-0769 was later enacted and became effective upon becoming law on August 2, 2024. CT Brf. at 2; CT F4. Following its passage, Central Transport moved on September 19, 2024 to dismiss Gregg's Amended Complaint for lack of subject-matter jurisdiction, claiming that after the passage of P.A. 103-0769, Gregg could recover, at most, $5,000. Dkt. 40, 42.

On November 13, 2024, the district court granted the motion to dismiss for lack of subject-matter jurisdiction, without prejudice, finding that P.A. 103-0769 clarified what the legislature always intended: that only one recovery is available under BIPA section 15. CT A36, 44-45; *see Gregg v. Cent. Transp. LLC*, No. 1:24-cv-01925, 2024 U.S. Dist. LEXIS 2006003, at *8-9 (N.D. Ill. Nov. 13, 2024) ("*Gregg I*"). The court ruled in *Greg I* that: "because of PA 103-0769 Gregg may recover on liquidated damages award for his section 15(b) claim and one for his section 15(d) claim, plus a single recovery for his section 15(a) claim [t]ogether that amounts to a maximum recover of $15,000, assume that each violation is

shown to have been reckless or intentional." CT A44.

Gregg filed a timely motion to reconsider, alter or amend a judgment under Rule 59(e), and for relief from a judgment or order under Rule 60(b), on December 5, 2025. Dkt. 54. On March 21, 2025, the district court granted Gregg's reconsideration motion, finding that it possessed subject-matter jurisdiction. CT A1, 6-7; Dkt. 75-76; *see Gregg v. Cent. Transp. LLC*, No. 1:24-cv-01925, 2025 U.S. Dist. LEXIS 53731 (N.D. Ill. Mar. 21, 2025) ("*Gregg II*"). In *Gregg II*, the district court concluded "that the legislature intended to change, not clarify, the original [BIPA] law." 2025 U.S. Dist. LEXIS at *4. The court further concluded that "[b]ecause the change PA 103-0769 effected is substantive and the legislature did not expressly provide that it would apply retroactively, … it applies only prospectively" and therefore Gregg's "alleged damages satisfy the jurisdictional minimum." *Id.* at *5-6. The court "vacated" its decision in *Gregg I* and reopened the case. *Id.* at *6.

On July 14, 2025, the district court certified the two issues Central Transport presents for interlocutory appeal. Dkt. 84-85; *see* CT Brf. at 4. Central Transport filed a timely Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) on July 24, 2025, which this Court granted on September 18, 2025. *Central Transp. LLC v. John Gregg*, 7th Cir., No. 25-8022, Dkt. 1, 3. The Court thus has appellate jurisdiction under 28 U.S.C. §1292(b).

Federal subject-matter jurisdiction will still be present even if Defendant prevails on its appeal. It was not "impossible" "as a matter of state damages law" for Gregg "to recover more than $75,000 based on" his "alleged injuries at the

time of filing." *Sykes v. Cook, Inc.*, 72 F. 4th 195, 207 (7th Cir. 2023) (citations omitted). Under *Sykes*, the court "assess[es] the amount in controversy as of the date on which the case is filed in or removed to federal court." *Id.* at 205 (citations omitted). At the time of filing, Gregg "alleged in good faith that more than $75,000 was at stake in h[is] case." *Id.* at 207. On that date, "the controlling law concerning the accumulation of damages under Sections 15(b) and 15(d) of BIPA was *Cothron v. White Castle Systems, Inc.*, 2023 IL 128004, 466 Ill. Dec. 85, 216 N.E.3d 918 [(Ill. 2023)]." *Giles v. Sabert Corp.*, No. 24CV2996, 2025 U.S. Dist. LEXIS 12888, at *8 (N.D. Ill. Jan. 21, 2025). *Cothron* had held that BIPA's text unambiguously provides that each violation constitutes a distinct actionable claim for which separate liquidated damages may be awarded. *See* 216 N.E.3d at 923-24, 926, 929. Cothron also ruled that liquidated damages are potentially available for each separate claim. *See id.* at 928-29. Because such damages were awardable under controlling authority as of the date that Gregg filed his Complaint, federal subject-matter jurisdiction exists under *Sykes*. *See Giles*, 2025 U.S. Dist. LEXIS 12888, at *7-12 (citing, *inter alia*, *Sykes*, 72 F. 4th at 205-06); *Schwartz v. Supply Network, Inc.*, No. 23CV14319, 2024 U.S. Dist. LEXIS 213002, at *14 (N.D. Ill. Nov. 22, 2024) (citing *Sykes, supra*).

                                                          **John Gregg,**
                                                          **Plaintiff-Respondent**

By:    */s/ David M. Bizar*
        David M. Bizar
        DJC Law, PLLC
        1012 W Anderson Ln
        Austin, TX 78757
        (512) 220-1800
        dbizar@teamjustice.com

# CERTIFICATE OF SERVICE

David M. Bizar certifies that on December 1, 2025, this document was filed via ECF, causing a copy to be served on all counsel of record.

*/s/ David M. Bizar*
David M. Bizar